UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

FORREST BERRY                                                                                          PLAINTIFF

v.                                                                              CIVIL ACTION NO. 3:14cv46-DPJ-FKB

THE AUTOMOBILE INSURANCE COMPANY                                           DEFENDANTS
OF HARTFORD, CONNECTICUT; THE
TRAVELERS INDEMNITY COMPANY; AND
JOHN DOES 1–10

ORDER

This insurance-coverage dispute is before the Court on the motion of The Travelers Indemnity Company ("TIC") to dismiss [10].  Because Plaintiff has not stated a claim against TIC upon which relief may be granted, the motion is granted.

I.      Facts and Procedural History

Plaintiff Forrest Berry owns a home in Flowood, Mississippi, that was covered under a homeowners insurance policy issued by Defendant The Automobile Insurance Company of Hartford ("AIC").  While the policy was in force, Berry alleges that "the home sustained damage through an accidental event involving a leak that arose in or around the refrigerator in the kitchen."  Compl. [1] ¶ 11.  Berry made a claim under his homeowners policy.  The claim was denied under a "faulty workmanship" exclusion in the policy.

Aggrieved by the denial of his claim, Berry filed this lawsuit against AIC and TIC on January 21, 2014.  Berry refers to the two companies collectively as "Travelers," and asserts claims against them for breach of contract, negligence, gross negligence, and bad faith.  On February 27, 2014, AIC filed its answer and TIC filed a motion to dismiss, asserting that it did not issue the policy to Berry and can therefore have no liability to Berry on any theory of

recovery asserted in the Complaint. The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.     Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Ordinarily, the Court should "limit itself to the contents of the pleadings, including attachments thereto," in ruling on a motion under Rule 12(b)(6). *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). However, the court may consider other documents "if they are referred to in the plaintiff's complaint and are central to [his] claim." *Id.* at 499 (citing *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.

1993)). If other materials "are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). In this case, Berry attached an incomplete version of the policy to the Complaint, and TIC attached the missing declarations pages to its motion to dismiss [10-1, 10-2]. The Court may consider those documents without converting the motion to one for summary judgment under Rule 56.

On the other hand, Berry attached to his response a series of emails between Berry's insurance agent and an outside claim representative for "Travelers" [15-1] and an engineer's report prepared for "Travelers Insurance Company" [15-2]. Neither party has suggested that the Court should convert the motion to one for summary judgment under Rule 12(d). Considering the early posture of the case and the Court's conclusion that Berry will have an opportunity to amend, the Court declines to convert the motion. *See Ainsworth v. Gildea*, No. 3:09cv68-DPJ-JCS, 2009 WL 1309088, at *1 (S.D. Miss. May 11, 2009).

III.    Analysis

TIC argues that it is a stranger to the insurance policy AIC issued to Berry and therefore cannot be held liable on the legal theories advanced in the Complaint. Berry does not dispute that TIC did not issue the policy. Instead, he focuses on a negligent-adjustment theory of liability, suggesting that TIC, "or some Travelers entity, adjusted the claim," giving rise to claims for negligent adjustment and bad faith. Pl.'s Resp. [15] ¶ 3. The Complaint, while not clearly articulating a claim for negligent adjustment, does assert that Defendants "refus[ed] to properly

investigate," and includes a claim for negligence. Compl. [1] ¶¶ 23(b); 26–27. But Berry fails to allege that TIC—as opposed to some other Travelers entity—adjusted his insurance claim.

The fact that Berry refers to AIC, which issued his policy, and TIC, which he believes may have adjusted the claim, collectively as "Travelers," instead of pleading specific allegations of wrongdoing attributable to either defendant, indicates that the Complaint fails to state a claim against TIC. *See Stamper v. Shinseki*, No. 3:11cv546-DPJ-FKB, 2012 WL 52886953, at *9 (S.D. Miss. Oct. 24, 2012) (citing *Twombly*, 550 U.S. at 555). TIC's motion to dismiss is granted.

That said, Berry believes that some "Travelers" entity adjusted his claim, and as he observes, he "has not been permitted to conduct discovery to make inquiry as to which Travelers entities pursued which roles in the adjustment of his claim." Pl.'s Resp. [15] ¶ 7. Generally speaking, a court should not dismiss a claim at this juncture "without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). We have not reached that point, so dismissal is without prejudice. The Court's standard case-management order typically allows approximately two months of discovery before the deadline for motions to amend. Berry will have an opportunity to discover the identity of the proper Travelers entity and to timely move to amend the Complaint to add it as a defendant.

IV.     Conclusion

The Court has considered all of the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, TIC's motion to dismiss [10] is granted, and the claims against it are dismissed without prejudice. The parties are directed to

contact the chambers of the magistrate judge within ten days of the entry of this order to set the case for a case management conference.

**SO ORDERED AND ADJUDGED** this the 28th day of April, 2014.

                                                s/ *Daniel P. Jordan III*
                                                UNITED STATES DISTRICT JUDGE